MEMORANDUM **
Luis Alberto Luque-Gallegos, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals’ *878 (“BIA”) denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, Iturri-barria v. INS, 321 F.3d 889, 894 (9th Cir.2003), and we review claims of ineffective assistance of counsel de novo, Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir.2005). We deny the petition for review.
The BIA did not abuse its discretion in denying Luque-Gallegos’ motion to reopen to pursue his application for adjustment of status arising from his marriage to a U.S. citizen during removal proceedings. Luque-Gallegos did not “establish that the marriage was entered into in good faith and not ... for the purpose of procuring ... entry as an immigrant.” 8 C.F.R. § 204.2(a)(l)(iii)(B); see also Malhi v. INS, 336 F.3d 989, 994-95 (9th Cir.2003) (upholding denial of motion to reopen to adjust status where movant failed to submit sufficient documentation to satisfy regulatory requirements). There was evidence in the supporting affidavit that immigration considerations had been a motive for the marriage, and the timing of the marriage supported that view.
The BIA also correctly rejected Luque-Gallegos’ ineffective assistance of counsel claim because any deficiencies in the representation did not prejudice him. See Castillo-Perez v. INS, 212 F.3d 518, 527 n. 12 (9th Cir.2000) (“Due process challenges to deportation proceedings require a showing of prejudice to succeed.”). Specifically, Luque-Gallegos failed to provide any evidence related to the strength of his asylum or cancellation of removal claims and did not demonstrate how the presence of an interpreter would have affected the outcome of the proceedings.
Accordingly, the petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.